UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ADEL G.,

    Petitioner,

v.

WARDEN, ESSEX COUNTY JAIL,

    Respondent.

Civ. No. 19-13512 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Adel G.,[1] is an immigration detainee currently held at the Essex County Correctional Facility, in Newark, New Jersey. He is proceeding by way of counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be granted insofar as Respondent will be ordered to provide Petitioner a bond hearing.

## II. BACKGROUND

### A. Underlying Circumstances

Petitioner is a native and citizen of Yemen. (DE 9-1, at 3.) On May 21, 2003, Petitioner was granted Lawful Permanent Resident ("LPR") status in the United States. (*Id.*) On or about February 21, 2017, after having been outside of the United States for over one year, Petitioner attempted to re-enter the United States and applied for admission as an LPR. (*Id.*) He was immediately detained by the Department of Homeland Security upon his arrival and served with a Notice to Appeal which charged him with abandoning his LPR status. (*Id.*) As such, Petitioner was

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

detained as an arriving alien pursuant to 8 U.S.C. § 1225(b). Petitioner has remained in detention since February 21, 2017. (DE 1, at 2.)

Petitioner subsequently filed an Application for Asylum and Withholding of Removal. (DE 9-2, at 3.) On August 13, 2018, Petitioner's application was denied, and he was ordered removed from the United States. (*Id.* at 12.) On January 30, 2019, the Board of Immigration Appeals ("BIA") affirmed the Immigration Judge ("IJ")'s decision. (DE 9-4.) During the pendency of Petitioner's appeal, he also filed a request for a change in custody status. (DE 9-3.) This request was denied because the IJ stated that there was "no jurisdiction" since Petitioner was an "arriving alien." (*Id.* at 1.)

On February 28, 2019, Petitioner filed a petition for review of the BIA's decision, as well as a motion for a stay of removal before the United States Court of Appeals for the Third Circuit. *See Adel G. v. Attorney General United States of America*, No. 19-1475 (3d Cir. 2019). The Third Circuit granted Petitioner's motion for a stay and his case remains pending. (DE 9-5.)

On June 6, 2019, Petitioner filed the instant petition for a writ of habeas corpus challenging his prolonged and unlawful detention. (DE 1.) Petitioner argues that his detention under § 1225(b) of more than three years violates the Constitution. (*Id.* at 6.) Respondent opposes the motion. (DE 9.) Respondent contends that individuals detained pursuant to § 1225(b) are not statutorily eligible for bond hearings and that Petitioner's detention has not been so prolonged and unreasonable as to amount to a violation of due process. (DE 9 at 7-9.)

## III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A

petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). Accordingly, this Court has jurisdiction over Petitioner's claims as he is detained within this district and alleges that his custody violates the Constitution.

Pursuant to 8 U.S.C. § 1225(b), the statute under which Petitioner is detained, detention is mandated for an applicant for admission pending removal proceedings or further consideration of an asylum petition. *See* 8 U.S.C. § 1225(b)(2)(A); *see also Jennings v. Rodriguez*, 138 S. Ct. 830, 842-46 (2018). Recently, the United States Supreme Court's decision in *Jennings* held that "nothing in the statutory text [ of § 1225(b)] imposes any limit on the length of detention" and that nothing in the statute "says anything whatsoever about bond hearings." *Jennings*, 138 S. Ct. at 842. Significantly, however, *Jennings* did not determine whether individuals facing prolonged detention under § 1225(b) are entitled to bond hearings as a matter of due process. *See id.* at 851; *see also Otis V. v. Green*, Civ. No. 18-742, 2018 WL 3302997, *6 (D.N.J. July 5, 2018) (holding that *Jennings* did not address whether "those detained under the statute, as applicants for admission, possess some rights under the Due Process Clause which may be impugned should detention under the statute become unduly and unreasonably prolonged.") "Indeed, neither the Supreme Court nor the Third Circuit has addressed whether due process requires a detainee, being held pursuant to § 1225(b), to receive a bond hearing following a certain period of detention, and this Constitutional issue remains expressly undecided." *Pierre v. Doll*, 350 F. Supp. 3d 327, 331 (M.D. Pa. 2018).

In the wake of *Jennings*, courts within this district have continued to utilize an as applied constitutional challenge in determining whether prolonged detention under § 1225(b) has become unreasonable. *See Yacouba T. v. Decker*, Civ. No. 18-13879, 2019 WL 1569823, at *2 (D.N.J.

3

Apr. 10, 2019); *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442 (D.N.J. 2019); *Pierre v. Doll*, 350 F. Supp. 3d 327, 332 (M.D. Pa. 2018); *Otis V. v. Green*, Civ. 2018 WL 3302997, *6-8; *see also Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (holding that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long"). Thus, in order for a petitioner to be entitled to release under an as applied challenge, the petitioner must show that his detention without bond has become "so unreasonable as to amount to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018).

Although there is no bright line rule which marks the border between constitutional and unconstitutional detention, some guidance can be gleaned from the case law. Courts within this district have previously found that detention for fifteen months or less is insufficient to support an as-applied challenge to detention under § 1225(b). *See Yacouba T.*, 2019 WL 1569823, at *3 (holding detention just over 15 months under § 1225(b) insufficient to trigger due process); *Alghazali v. Tsoukaris*, Civ. No. 16-9055, 2017 WL 3191513, at *5 (same); *Otis V.*, 2018 WL 3302997, *6 (holding that detention under § 1225(b) for just over one year not unreasonable). Longer periods of time without a bond hearing, however, have been found to violate due process. *See Franklin K. B. v. Warden, Hudson Cty. Corr. Facility*, Civ. No. 18-9933, 2019 WL 2385701, at *4 (D.N.J. June 3, 2019) (holding detention over sixteen months under § 1225(b) unreasonable); *Tuser E.*, 370 F. Supp. 3d at 443 (finding detention of nearly twenty months under § 1225(b) unreasonable); *Cruz v. Nalls-Castillo*, Civ. No. 16-1587, 2017 WL 6698709, at *5 (D.N.J. Sept. 19, 2017) (holding detention for over twenty-eight months under § 1225(b) unreasonable);

*Mancia-Salazar v. Green*, Civ. No. 17-147, 2017 WL 2985392, at *4 (D.N.J. July 13, 2017) (finding eighteen months detention under § 1225(b) unreasonable).

Taking this case law as my guide, I find that Petitioner's detention under § 1225(b) for over three years has become unreasonably long.

The Government argues, however, that the length of Petitioner's detention is "directly related to multiple adjournments Petitioner requested during the pendency of his immigration proceedings ... and the appeals process he has undertaken to challenge his order of removal." (DE 9 at 11.) I am wary of making any ruling that would "effectively punish [the petitioner] for pursuing applicable legal remedies." *Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 271 (3d Cir. 2012) (internal quotation marks and citation omitted), *abrogated in part and on other grounds by Jennings*, 138 S. Ct. at 847. The Court is not naïve; in some cases, delay is pursued as an end in itself. Still, there is no allegation or indication that Petitioner pursued those applications in bad faith or merely for the purposes of delay. And even factoring out adjournments granted at Petitioner's request (which total almost ten months), Petitioner has still been detained for over twenty-six months. (*See* DE 9-6, at 2-3 (listing adjournment requests).)

Given these circumstances and the length of Petitioner's detention, I conclude that continuing detention without at least a bond hearing would exceed the bounds of due process. Accordingly, I will order the government to provide Petitioner with a bond hearing within fourteen (14) days.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition (DE 1) will be granted insofar as I will order that Petitioner receive a bond hearing within fourteen (14) days. An appropriate order follows.

DATED: March 13, 2020

KEVIN MCNULTY
United States District Judge